UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kimberly Ann Henny, | Civ. No. 23-2773 (PAM/DJF) |
| Plaintiff, | |
| v. | |
| United States of America, | |
| Defendant. | **MEMORANDUM AND ORDER** |
| Alessandra Katie Stamps, | Civ. No. 23-3014 (PAM/DJF) |
| Plaintiff, | |
| v. | |
| United States of America, | |
| Defendant. | |

These matters are before the Court on Defendant United States of America's Motions to Dismiss or, in the alternative, for Summary Judgment. (See Henny v. United States of America, Civ. No. 23-2773 (PAM/DJF) (Henny Docket No. 33); Stamps v. United States of America, Civ. No. 23-3014 (PAM/DJF) (Stamps Docket No. 18.) Plaintiffs Kimberly Ann Henny and Alessandra Katie Stamps are federal prisoners who have filed separate lawsuits challenging substantially the same conditions of their incarceration at the Federal Correctional Institution in Waseca, Minnesota ("FCI-

Waseca").[1]  (See Henny Complaint (Henny Docket No. 1); Stamps Complaint (Stamps Docket No. 1).)  The Court conducted a review of both lawsuits under 28 U.S.C. § 1915A(a) and dismissed all of Plaintiffs' claims but one:  a claim under the Federal Tort Claims Act ("FTCA") against the United States alleging that Stamps and Henny were negligently exposed to synthetic cannabinoid smoke.[2]  (See Henny Docket No. 20; Stamps Docket No. 11.)  For the following reasons, the Court grants the Government's Motions to Dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

**BACKGROUND**

Plaintiffs' pleadings are largely identical, including substantially the same Defendants and describing indistinguishable claims—the factual predicate of which mostly consists of excerpts from the 2023 Department of Justice, Office of Inspector General Report (DOJ-OIG Report) on the operations of FCI-Waseca.  Thus, the Government's Motions to Dismiss are also substantively the same, arguing that the Court should dismiss Plaintiffs' claim for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), or, alternatively, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Henny Docket No. 33; Stamps Docket No. 18.)  Because the Court lacks jurisdiction over the remaining claim brought by the Plaintiffs, and the

---

[1]   At all times relevant to the events giving rise to her claims, Henny was incarcerated at FCI-Waseca, though she no longer resides there.  Stamps remains incarcerated at FCI-Waseca.
[2]   To the extent that the Complaints differed from each other, those differences are irrelevant following the Court's preservice review under § 1915A(a).

Court grants the Government's Motions for dismissal under Rule 12(b)(1), the Court need not reach the Government's alternative requests for relief.

**DISCUSSION**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges a court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "The plaintiff bears the burden to establish subject-matter jurisdiction." Two Eagle v. United States, 57 F.4th 616, 620 (8th Cir. 2023). Where, as here, "the moving party makes a factual attack on the court's subject-matter jurisdiction . . . the district court may look outside the pleadings and weigh evidence." Id. (citing Osborn v. United States, 918 F.2d 724, 729-30 (8th Cir. 1990).

Ordinarily, the federal government is immune from suit, and where the government is immune from suit, the Court lacks jurisdiction to adjudicate claims brought against it. Barnes v. United States, 448 F.3d 1065, 1066 (8th Cir. 2006). The government may, however, waive its sovereign immunity and consent to be sued, in which case the Court may proceed to the merits of the claims against the government. See id.

The FTCA operates as a limited waiver the federal government's sovereign immunity for certain tort claims, so that the United States is "liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." United States v. Orleans, 425 U.S. 807, 813 (1976). As relevant here, the FTCA waives sovereign immunity for "personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the

3

scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant . . . ." 28 U.S.C. § 1346(b)(1).

The FTCA's waiver of sovereign immunity does not extend to "claims based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Where this discretionary-function exception applies, "it is a jurisdictional bar to suit." Herden v. United States, 726 F.3d 1042, 1046 (8th Cir. 2013) (quoting Walters v. United States, 474 F.3d 1137, 1139 (8th Cir. 2007)).

In determining whether the FTCA discretionary-function exception bars suit, courts conduct a two-step review. The "first inquiry is whether the challenged conduct or omission is truly discretionary, that is, whether it involves an element of judgment or choice instead of being 'controlled by mandatory statutes or regulations.'" Id. (quoting United States v. Gaubert, 499 U.S. 315, 328 (1991)). If the conduct is not discretionary, then the government can be sued under the FTCA, unless a different exception applies. Id. If the conduct is discretionary, then courts proceed to the second inquiry: "whether the government employee's judgment or choice was 'based on considerations of social, economic, and political policy.'" Id. at 1047 (quoting Layton v. United States, 984 F.2d 1496, 1499 (8th Cir. 1993)). The basis for the discretionary function exception was Congress' desire to "prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an

4

action in tort." Berkovitz v. United States, 486 U.S. 531, 536-37 (1988) (quoting United States v. Varig Airlines, 467 U.S. 797, 814 (1984)).

Here, relying mostly on the findings from the DOJ-OIG Report, Plaintiffs contend that the BOP was negligent in failing to properly monitor and ventilate the inmate bathrooms at FCI-Waseca and that as a result, Plaintiffs were injured by exposure to synthetic cannabinoid smoke. (See Henny Complaint at 4; Stamps Complaint at 4.) The Government reasonably interprets Plaintiffs' claim to allege three theories of negligence: (1) the BOP breached its statutory duty to protect inmates in its custody under 18 U.S.C. § 4042; (2) the BOP failed to properly monitor inmate bathrooms and discipline inmates who were consuming synthetic cannabinoids in common areas; and (3) the BOP failed to properly ventilate inmate bathrooms in accordance with BOP Program Statement 1600.11 and an unspecified American Correctional Association standard. (See Henny Docket No. 34; Stamps Docket No. 19.) The Court must first determine whether the BOP's decision-making related to its execution of its duties described under 18 U.S.C. § 4042 is discretionary.

Section 4042 provides that the BOP shall, among other things, "provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States . . . ." 18 U.S.C. § 4042(a)(2). Notwithstanding the use of the word "shall," the United States Court of Appeals for the Eighth Circuit has concluded that § 4042 "reserves to the BOP sufficient discretion in how it fulfills its section 4042 duty to trigger the [FTCA] discretionary-function exception." Muick v. Reno, 83 F. App'x 851, 853 (8th Cir. 2003) (citing Cohen v.

5

United States, 151 F.3d 1338, 1342 (11th Cir. 1998)).  Thus, to the extent Plaintiffs assert that the BOP violated § 4042, the Eighth Circuit has determined that the manner in which the BOP fulfills its statutory obligations under § 4042 is discretionary and falls within the FTCA discretionary-function exception.

Further, Plaintiffs challenge the way in which the BOP monitors and disciplines inmates.  (See Henny Complaint at 4; Stamps Complaint at 4.)  Again, the Eighth Circuit has concluded that the BOP's decisions about the allocation of staff are discretionary and fall within the FTCA discretionary-function exception.  See Paulette v. Morrison, 84 F. App'x 730, 730 (8th Cir. 2004) (per curiam) (concluding that government cannot be liable under the FTCA for failure to maintain adequate security at a federal correctional institution) (citing Santana-Rosa v. United States, 335 F.3d 39, 44 (1st Cir. 2003) (decisions about the allocation of guards at a federal prison fall within the discretionary function exception to the FTCA)).  Likewise, this exception applies to decisions regarding inmate placement and classification.  See Muick, 83 F. App'x at 853.  Thus, the United States has not waived sovereign immunity with respect to the BOP's decisions regarding fulfilling its statutory duty under § 4202 and monitoring and classifying inmates.  Therefore, the Court lacks jurisdiction to consider such claims.

This leaves Plaintiffs' allegation that the BOP was negligent in failing to properly ventilate the inmate bathrooms.  (See Henny Complaint at 4; Stamps Complaint at 4.)  Plaintiffs ostensibly assert that BOP Program Statement 1600.11 and an unspecified American Correctional Association standard control the BOP's conduct with respect to ventilating inmate bathrooms.  (Henny Complaint at 10; Stamps Complaint at 11.)  As a

6

threshold matter, "the discretionary function exception [does] not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." Berkovitz, 486 U.S. at 536. But Plaintiffs do not identify the American Correctional Association standard to which they refer, nor do they explain whether or to what extent that standard has been incorporated into a federal statute, regulation, or policy. Plaintiffs' reference to an unspecified, standalone American Correctional Association standard is insufficient to conclude that the BOP's challenged conduct—namely, the ventilation of inmate bathrooms—was non-discretionary.

Moreover, Plaintiffs contend that BOP Program Statement 1600.11 requires the BOP to properly ventilate the bathrooms. (Henny Complaint at 10; Stamps Complaint at 11.) Indeed, BOP Program Statement 1600.11 references specific American Correctional Association standards. (See, e.g., BOP Program Statement 1600.11, National Occupational Safety and Health Policy (Henny Docket No. 35-2 at 4).) However, BOP Program Statement 1600.11, only requires ventilation surveys to be "conducted in inmate cells/rooms, officer stations, and dining areas to determine if ventilation is provided in accordance with the [prescribed] requirements." (Id. at 52.) Thus, by its express terms, BOP Program Statement 1600.11 does not apply to inmate bathrooms. Plaintiffs do not mention any other federal statute, regulation, or policy controlling the BOP's decisions on ventilating inmates' bathrooms. Therefore, decisions regarding ventilating inmate bathrooms are discretionary and the first prong of the discretionary-function exception has been met. See Compart's Boar Store, Inc. v. United States, 122 F. Supp. 3d 818, 825 (D. Minn. 2015) (Schiltz, J.) ("If no such statute,

7

regulation, or mandatory policy exists, the challenged conduct [under the FTCA] is deemed to be discretionary, and the court moves on to the next step of the inquiry . . . .").

The next question is whether the BOP's decisions regarding ventilating inmate bathrooms "involved the kind of policy judgment that the discretionary-function exception is intended to protect." Id. (citing Gaubert, 499 U.S. at 332). "When government policy provides discretion, an employee exercising such discretion is presumed to be exercising protected policy judgment." Id. The plaintiff bears the burden to rebut the presumption. Demery v. U.S. Dep't of Interior, 357 F.3d 830, 833 (8th Cir. 2004).

Plaintiffs imply that inmate safety is the sole policy consideration at issue. (Henny Complaint at 4; Stamps Complaint at 4.) Indeed, Henny asserts that after she suffered an injury from being exposed to secondhand synthetic cannabinoid smoke, she alerted FCI-Waseca officials of the problem, yet they took no corrective action; thus, she contends that she exhausted her administrative remedies with respect to this claim. (Henny Docket No. 44 at 3-4.) This view, however, ignores the elements of decision and choice that are involved in maintaining the prison facility. Courts have held that decisions about conducting facility and infrastructure maintenance fall under the discretionary function exception to the FTCA. See, e.g., Metter v. U.S. Army Corps of Eng'rs, 9 F. Supp.3d 1090, 1099 (D. Neb. 2014) (concluding that the decision to replace guardrails required the defendant to "balance the overall purpose of the [road] with the recreational uses of the area, the allocation of funds, and the safety of drivers and fisherman.").

8

Here, the Court finds that the BOP's decision about ventilating inmate bathrooms is a policy judgment requiring officials to balance the facility's needs, inmate and staff safety, and the allocation of resources. Such decisions fall squarely within the FTCA discretionary-function exception, and Plaintiffs have failed to rebut the presumption that BOP officials were exercising protected policy judgment in designing and maintaining the ventilation system at FCI-Waseca. Plaintiffs' claim must be dismissed for lack of jurisdiction, and the Court grants Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Lastly, in her response to Defendant's Motion to Dismiss, Plaintiff Stamps filed a self-styled "Motion for Summary Judgment," in which she "moves the Court for summary judgment, in accordance with the provisions of the Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and, alternatively, Rule 56." (Stamps Docket No. 31 at 1.) Because the Court grants the Governments' Motions to Dismiss, the Court finds Stamps' Motion to be moot.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1. The Government's Motions to Dismiss for Lack of Subject Matter Jurisdiction (Henny Docket No. 33; Stamps Docket No. 18) are **GRANTED**;

2. Plaintiff Alessandra Katie Stamps' Motion for Summary Judgment (Docket No. 31) is **DENIED as moot**; and

3. These actions—<u>Henny v. United States</u>, Civ. No. 23-2773, and <u>Stamps v. United States</u>, Civ. No. 23-3014—are **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   August 8, 2024

                                        *s/ Paul A. Magnuson*
                                        Paul A. Magnuson
                                        United States District Court Judge